**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GRACO INC. and<br>GRACO MINNESOTA INC.,<br><br>Plaintiffs,<br>v.<br><br>BEDFORD PRECISION PARTS LLC,<br><br>Defendant. | CIVIL ACTION NO. ____________<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Graco Inc. and Graco Minnesota Inc. (collectively, "Graco"), by and through their undersigned attorneys, bring this Complaint against Defendant Bedford Precision Parts LLC ("Bedford") and allege as follows.

## NATURE OF THE ACTION

1. This action arises out of Bedford's deliberate disregard for Graco's intellectual property rights and its systematic copying of Graco's products and infringement of Graco's intellectual property, including patents, trademarks, and copyrights. As detailed below, Bedford's business model is predicated on knowingly and willfully copying Graco's products, branding, and marketing materials in order to wrongfully redirect sales of replacement parts for Graco's innovative lines of sprayer products to itself. In doing so, Bedford knowingly and willfully infringes Graco's intellectual property and causes confusion that deceives consumers into believing that Bedford's products are sponsored by, affiliated with, or otherwise connected to Graco. Bedford's infringing and unlawful conduct must stop, and Graco had no choice but to bring this lawsuit to enforce its valuable intellectual property rights and protect its customers from Bedford's systematic and wide-spread infringement.

2. For example, despite Graco's ownership of multiple United States trademark registrations, Bedford has sold and continues to sell competing replacement parts and products bearing marks that are confusingly similar to Graco's federally registered trademarks, including but not limited to Graco's federally registered blue tip and FF LP trademarks. Bedford's marketing and advertising, including in particular its website, also prominently display Graco's federally registered GRACO trademark, amongst others, in a manner that is intended to falsely suggest sponsorship, affiliation, or approval of Bedford's products by Graco when such is not the case.

3. Bedford also deliberately and knowingly copies Graco marketing materials. For example, in promoting pump repair kits and replacement parts for Graco airless sprayers on Bedford's website, Bedford copied and uses a copyrighted picture of a Graco airless sprayer that Graco made and posted on its website. So blatant is Bedford's copying that the file name associated with the image posted on Bedford's website begins with "graco."

4. Bedford's infringement does not stop at Graco's trademarks and copyrights. Bedford also designs, manufactures, imports, offers to sell, and sells piston rods that infringe Graco's U.S. Patent No. 10,502,206 and U.S. Design Patent No. D742,927.

5. Bedford's illegal conduct constitutes, amongst other things, trademark infringement, false designation of origin and unfair competition, patent infringement, copyright infringement, and related violations under Delaware law. Graco therefore seeks permanent injunctive relief, monetary damages, and other equitable relief as may be warranted and as this Court deems just and appropriate.

**<u>PARTIES</u>**

6. Plaintiff Graco Inc. is a corporation organized under the laws of the State of Minnesota with a place of business at 88 11th Ave. NE, Minneapolis, Minnesota 55413.

7. Graco Minnesota Inc. is a corporation organized under the laws of the State of Minnesota with a place of business at 88 11th Ave. NE, Minneapolis, Minnesota 55413. Graco Minnesota Inc. is a wholly owned subsidiary of Graco Inc.

8. Founded in 1926, Graco is celebrating its 100th anniversary and a century of innovation. Graco is a worldwide leader in fluid-handling systems and components. Graco's products move, measure, control, dispense, and spray various fluid and powder materials, such as paint, and are used across a variety of industries. Graco sells its equipment in this district and throughout the United States.

9. Defendant Bedford is a Delaware limited liability company with a place of business at 290 Adams Street Bedford Hills, New York 10507.

10. Bedford is in the business of manufacturing, importing, selling, and/or offering for sale, amongst other things, replacement parts that are intended for use in the products of original equipment manufacturers ("OEMs") such as Graco.

11. Upon information and belief, Bedford sells and offers to sell the products at issue in this case to purchasers of Graco products for use in Graco-branded products. Such products are either copies of Graco-branded products or are so similar as to confuse and deceive customers into believing they are purchasing authorized Graco products. Such Bedford products infringe Graco intellectual property, including Graco patents and trademarks.

12. Upon information and belief, Bedford sells the products at issue in this case throughout the United States, including in this judicial district, through its own website, located at https://bedfordprecision.com/, and through various third parties.

## JURISDICTION AND VENUE

13. This is a civil action for trademark, copyright, and patent infringement arising under the trademark, copyright, and patent laws of the United States, 15 U.S.C. § 1051 et seq., 17 U.S.C. § 101 et seq., and 35 U.S.C. § 1 et seq. This Court therefore has original subject matter jurisdiction over the federal claims set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338 (federal question). This Court also may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

14. This Court may exercise personal jurisdiction over Bedford because, amongst other reasons, it is a limited liability company organized under the laws of the State of Delaware, regularly conducts business in this judicial district, and has otherwise availed itself of the privileges and protections of the laws of the State of Delaware.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400, including because Bedford resides in this district and commits acts of infringement detailed in this Complaint in this district.

## FACTS

### I. GRACO AND ITS INTELLECTUAL PROPERTY

16. Graco is an internationally recognized leader in the design and manufacture of systems and equipment for the application and control of fluids and coatings, including paint spray equipment.

17. Graco has invested heavily in developing innovative products, including its line of paint sprayers, which deliver state-of-the-art and industry-leading performance and quality. As part of these efforts, and to protect the valuable goodwill it has developed over the years, Graco has secured a portfolio of intellectual property rights, including patents and trademarks.

## A. Graco's Trademarks

18. Long before the acts of Defendant alleged herein, Graco has continuously and prominently used its federally registered GRACO trademark and others in connection with fluid-handling equipment and related goods to denote the source of its high-quality products and services.

19. To protect the valuable goodwill in its marks, Graco Minnesota Inc. has obtained federally registered trademarks on the USPTO's Principal Register covering Graco's fluid-handling products and related goods, including, as relevant here, the following (collectively, "the Graco Trademarks"), which have been in continuous use in interstate commerce by Graco since at least as early as the first use date indicated below:

| **Mark & First Use** | **Registration No.** | **Registration Date** | **Relevant Goods/Services** |
|---|---|---|---|
| Graco (Jun. 1, 1926) | Reg. No. 844517 | Feb. 20, 1968 | DISPENSING SYSTEMS FOR LUBRICANTS AND VARIOUS OTHER FLUIDS AND PARTS AND ACCESSORIES THEREOF; PRESSURIZED FLUID SPRAYING SYSTEMS FOR SPRAYING PAINTS, MASTIC MATERIALS AND CLEANING SOLUTIONS AND PARTS AND ACCESSORIES THEREOF; FLUID PUMPING SYSTEMS AND PARTS AND ACCESSORIES THEREOF; SERVICE REEL ASSEMBLIES FOR LUBRICANTS AND VARIOUS OTHER FLUIDS; AIR POWERED PUMPS; AIR COMPRESSORS; AGITATOR UNITS FOR MIXING FLUIDS; AND SPRAY GUNS AND PARTS THEREOF |
| GRACO (Dec. 31, 2012) | Reg. No. 5379715 | Jan. 16, 2018 | Airless paint sprayers; dispensing apparatus for pumping and melting thermoplastic materials; agitators for circulating liquid media, and for chemical processing; mixing machines |

| | | | |
|---|---|---|---|
| | | | for mixing fluids; electrostatic paint spray coating guns; parts and accessories for same |
|  (January 2003) | Reg. No. 7666230 | Jan. 28, 2025 | Tips for paint spray guns |
| ULTRA (Apr. 11, 1983) | Reg. No. 1418183 | Nov. 25, 1986 | Electronic Paint Sprayers |
| KING (Dec. 31, 1968) | Reg. No. 3907639 | Jan. 18, 2011 | Positive displacement pumps |
| GMAX (Dec. 31, 1998) | Reg. No. 5497958 | Jun. 19, 2018 | Gas mechanical airless spraying equipment used for spraying liquids such as paints, coatings or other viscous fluids |
| FF LP (Jan. 18, 2017) | Reg. No. 5636556 | Dec. 25, 2018 | Tips for paint spray guns |
| XTREME (Jun. 27, 2001) | Reg. No. 2919292 | Jan. 18, 2005 | Reciprocating piston pumps for use with paint and coatings |
| LINELAZER (Jun. 30, 1990) | Reg. No. 3933935 | Mar. 22, 2011 | Power-operated airless sprayer for applying markings to pavement or turf |

True and correct copies of the U.S. Patent and Trademark Office's TSDR reports for the foregoing registrations, as well as copies of the registration certificates, are attached hereto as **Exhibit A**.

20. The Graco Trademarks are valid and subsisting in full force and effect. Graco's registrations constitute prima facie evidence of Graco's exclusive rights to use the marks throughout the United States in connection with the goods identified above, and where incontestable constitute conclusive evidence of the same.

21. As a result of Graco's substantially exclusive and continuous use of the Graco Trademarks, which use is and was in a regular and recurring manner, consumers and the public

understand these marks to identify Graco as the exclusive source of the goods identified by the Graco Trademarks.

22. Since at least as early as January 2003, Graco has used the color blue in connection with its tips for paint spray guns ("Blue Tip Mark"), as shown below:




Graco's Blue Tip Mark consists of "the color blue applied to the entire outer surface of the non-metallic portion of a tip for a paint spray gun." Graco's Blue Tip Mark was registered on January 28, 2025 pursuant to Section 2(f) after the United States Patent and Trademark Office determined that the mark had acquired distinctiveness. As such, Graco's Blue Tip Mark is entitled to a presumption of validity and acquired distinctiveness.

23. Graco has long used the color blue as an indicator of source for its products. For example, and without limitation, Graco has used the color blue in connection with paint sprayers since at least as early as 1967 and owns trademark Reg. No. 3,300,390 for "the color blue as applied to the exterior of the housing and other external parts of the housing for the pump motor and processor compartment of the airless paint sprayers" for use in connection with "portable electric and gasoline powered airless paint sprayers for use by professional painters and professional contractors" in Class 007.

24. The source-identifying significance of the color blue is emphasized in Graco’s brand identity guidelines, which provide that “blue should be the featured primary color in all communications.” A true and correct copy of Graco’s Brand Identity Guidelines is attached hereto as **Exhibit B.**

25. The color blue is also an important feature of Graco’s advertising and marketing strategy. For example, and without limitation, Graco’s social media marketing frequently emphasizes the color blue as an indicator of source for Graco products, as shown below:



Graco
3yr
+ Follow ···

Did you know that Graco's flagship blue color is officially trademarked?

That's right! Since 1967, Graco "blue" has been the color signifying a Graco Professional-Grade Airless Paint Sprayer.

Now you'll start noticing it everywhere ... if you haven't already. 😉

#BrandColors #Trademarks




218 5 18

26. Graco's use of the Blue Tip Mark in connection with tips for paint spray guns has been substantially exclusive and continuous for more than two decades, and consumers have come to uniquely associate the Blue Tip Mark as designating Graco and Graco's products.

27. Graco's use of the color blue is purely to indicate source. Blue is not a natural by-product of manufacturing Graco's paint spray tips and has no significance in Graco's industry other than identifying Graco as the manufacturer.

28. Notably, Graco's legitimate competitors do not need to use, and do not use, Graco's Blue Tip Mark in connection with competing products. For example, Graco's competitor Titan Tools uses red, amongst other colors, for its paint spray tips, but not blue.

29. Graco's advertising specifically calls attention to the source-identifying significance of the color blue, directing consumers to "look for blue" when buying spray tips. Examples of such advertising are shown below:






30. As a result of Graco's substantially exclusive and continuous use of its Blue Tip Mark for over two decades, consumers have come to recognize the color blue when used in connection with tips for paint spray guns as indicating that Graco is the source of the product.

**B. Graco's Patents**

31. Graco has invested heavily in developing innovative products, including its line of paint sprayers, which deliver state-of-the-art and industry-leading performance and quality. As part of these efforts, Graco has secured a portfolio of intellectual property rights, including multiple patents covering technologies included in its paint spraying products. One of the innovative technologies used in Graco's paint-spraying products is Graco's pump rod.

32. U.S. Patent No. 10,502,206 (the "'206 Patent"), entitled "Pump Rod and Driving Link With Side-Load Reducing Configuration," is at least one of Graco's patents that covers an innovative pump rod product. The '206 Patent was duly and legally issued by the United States Patent and Trademark Office on December 10, 2019. The inventors of the '206 Patent are David J. Thompson; Christopher A. Lins; Andrew J. Kopel; Glen W. Davidson; Chad R. Taszarek; Chris W. Sydow; William M. Blenkush; and Steve J. Wrobel. A true and accurate copy of the '206 Patent is attached hereto as **Exhibit C**.

33. The '206 Patent is valid and enforceable and was duly issued in full compliance with Title 35 of the United States Code.

34. The ’206 Patent issued from U.S. Patent Application No. 14/984,212 (the “’212 Application”), which was filed on December 10, 2015. The ’212 Application is related to and claims priority from U.S. Provisional Application Nos. 62/097,791; 62/097,800; 62/097,804; and 62/097,806, each of which was filed on December 30, 2014.

35. The ’206 Patent is directed to a pump rod designed to reduce wear and increase component lifespan; the pump rod has a head extending from a neck, and the head includes a projection. The head is received within a drive slot of a drive link. The projection on the head contacts an inner surface of the drive slot. The drive slot also includes a projection, which may be aligned with a centerline of the drive link. The head projection and drive link projection contact one another when the pump rod and drive link are assembled together. The projections provide a reduced contact area between the pump rod and drive link, thereby reducing any side-loading on the pump rod and increasing the lifespan of the wear parts. The pump rod claimed by the ’206 Patent is used in at least one of Graco’s electronic airless paint sprayer products.




FIG. 6A FIG. 6B

*See* **Ex. C**, Figs. 6A, 6B.

36. The ’206 Patent has 20 claims. Claim 1 is an independent apparatus claim, from which Claims 2-7 depend. Claim 1 recites:

> 1. A pump rod for being driven by a driving surface, the pump rod comprising:
>
> a shaft having a first end, a second end, a centerline, a shaft diameter, a hollow portion within the second end, and a fluid passage extending through the shaft to the hollow portion, wherein the hollow portion and fluid passage form a flowpath through the shaft;
>
> a neck extending from the first end of the shaft, the neck having a neck diameter that is smaller than the shaft diameter; and
>
> a head attached to the neck such that the neck is between the head and the shaft, the head having a head diameter that is larger than the neck diameter, the head forming a top side that faces away from the neck, wherein the top side comprises;
>
> an outer ring surface, wherein the outer ring surface is flat; and
>
> a circular load bearing surface, the circular load bearing surface defined by a top of a load concentrating feature projecting from within the outer ring

surface of the head, the circular load bearing surface aligned with a centerline of the shaft;

wherein the load concentrating feature is recessed from an annular edge of the top side by the outer ring surface; and

wherein the circular load bearing surface is configured to contact the driving surface, align a load from the driving surface with the centerline, and prevent the annular edge of the top side of the head from contacting the driving surface.

37. U.S. Design Patent No. D742,927 (the "'927 Design Patent"), entitled "Pump Rod," is at least one of Graco's design patents that claims the ornamental design for a pump rod product. The '927 Design Patent was duly and legally issued by the United States Patent and Trademark Office on November 10, 2015. The inventors of the '927 Design Patent are David J. Thompson; Christopher A. Lins; Andrew J. Kopel; Glen W. Davidson; and Chad R. Taszarek. A true and accurate copy of the '927 Design Patent is attached hereto as **Exhibit D**.

38. The '927 Design Patent is valid and enforceable and was duly issued in full compliance with Title 35 of the United States Code.

39. The '927 Design Patent issued from U.S. Patent Application No. 29/513,321 (the "'321 Application"), which was filed on December 30, 2014. The '321 Application does not claim priority from any other application.

40. The '927 Design Patent is directed to the ornamental design of the pump rod as shown and described in the '927 Design Patent.



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6

*See* **Ex. D**, Figs. 1, 2, 3, 4, 5, 6.

41. The ’927 Design Patent includes one claim, Claim 1. Claim 1 recites:

1. The ornamental design for a pump rod, as shown and described.

42. Graco owns the entire right, title, and interest in and to the ’206 Patent and ’927 Design Patent (the “Asserted Patents”).

43. Graco sells and has sold pump rod products (the “Graco Products”) that embody the invention(s) protected by the ’206 Patent and ’927 Design Patent, and Graco has complied with 35 U.S.C. § 287 by properly marking the Graco Products with the Asserted Patents.

44. An example of a Graco paint sprayer can be seen below:



*Graco 390 PC Cordless Airless Sprayer, Stand Version (Product/Part No. 25T804)*

45. The Graco 390 PC Cordless Airless Sprayer bears a patent marking directing the public to www.graco.com/patents, which brings members of the public to Graco's online patent list at https://www.graco.com/us/en/patents.html and identifies patents covering this product as including the '206 Patent and the '927 Design Patent.

46. Graco sells replacement pumps for products, such as the above-depicted 390 PC Cordless Airless Sprayer. An example of a replacement pump can be seen below:



*Graco Endurance Chromex Piston Pump (Part No. 17C487)*

47. The replacement pump product manual details the various parts included in the replacement product. Exemplary excerpts from the product manual can be seen below.

*Parts*

## Parts

**Models 17C487, 17C488, 17C489, 17C721, 17M992, 24Z731, 19D873**




18

334599N

*Graco Endurance Chromex Piston Pump (Part No. 17C487) Product Manual Part Diagram Page*

Parts

## Parts List

### Models 17C487, 17C488, 17C489, 17C721, 17M992, 24Z731, 19D873

| Ref. | Part | Description | Qty. |
|---|---|---|---|
| 201 | | ROD, displacement, *includes 212* | 1 |
| | 24W617 | Models: 17C487, 17C488, 17C489, 17C721, 17M992, 24Z731 | |
| | 2004762 | Model: 19D873 | |
| 202* | 180656 | BUTTON, plug | 1 |
| 203 | 193047 | NUT, packing | 1 |
| 204* | 176757 | GLAND, female, throat | 1 |
| 205* | 176754 | GLAND, male throat | 1 |
| 206 | | CYLINDER, pump *includes 219, 229* | 1 |
| | 24W619 | Models: 17C487, 17C488, 17C489, 17C721, 17M992, 24Z731 | |
| | 2004756 | Model: 19D873 | |
| 207* | 105444 | BALL, sst, 0.3125 in. | 1 |
| 208* | 195129 | GLAND, male piston | 1 |
| 209* | 180073 | GLAND, female, piston | 1 |
| 211* | 15G234 | GUIDE, piston | 1 |
| 212 | 239937 | VALVE, piston (included with 201) | 1 |
| 213❖ | 15C011 | GUIDE, ball | 1 |
| 215❖ | 246429 | KIT, seat, carbide includes 213, 217 and 218 | 1 |
| 216 | | VALVE, intake housing | 1 |

| Ref. | Part | Description | Qty. |
|---|---|---|---|
| | 15B611 | Models: 17C487, 17C488, 17C489, 17C721, 17M992, 24Z731 | |
| | 19D287 | Models: 19D873 | |
| 217*❖ | 15B112 | PACKING, o-ring (0.941 in. OD) | 1 |
| 218*❖ | 105445 | BALL, sst, 0.5000 in. | 1 |
| 219* | 17V093 | PACKING, o-ring | 1 |
| 220* | 160516 | O-RING | 1 |
| 221* | 176755 | V-PACKING, leather, throat | 2 |
| 222* | 192710 | V-PACKING, throat, V-Max™ UHMWPE, blue | 3 |
| 223* | 176749 | V-PACKING, leather, piston | 2 |
| 224* | 192712 | V-PACKING, piston, V-Max™ UHMWPE, blue | 3 |
| 225 | 17C231 | FITTING, pump, QD, 1/4 npt Models: 17C487, 17C488, 17C489, 17C721 | 1 |
| | 162453 | FITTING, 1/4 npt Model 17M992 | 1 |
| 229 | | NUTS, retaining, not sold separately | |

* - Also included in Kit 18B260 (formerly part number 244194)

❖ - Also included in Kit 246429

*334599N* *19*

*Graco Endurance Chromex Piston Pump (Part No. 17C487) Product Manual Part List Page*

48. For example, the pump rod included in the replacement pump is labeled Ref. 201, ROD, and has the part number 24W617.

## II. DEFENDANT'S INFRINGING CONDUCT

49. Bedford is in the business of manufacturing, importing, selling, and/or offering for sale, amongst other things, replacement copy parts of original equipment manufacturers ("OEMs") such as Graco. Bedford sells these products to purchasers of Graco products.

50. Bedford's products are designed and intended to be substitutes for genuine Graco replacement parts used in Graco's products. Indeed, at least part of Bedford's business model is premised on offering replacement parts that match the look and feel and ornamental appearance of genuine OEM components, including those of Graco.

51. Bedford's conduct in offering replacement products goes far beyond fair and legitimate competition. Indeed, its marketing and sales strategy involves knowing and willful copying of Graco's products, branding, and marketing materials in a deliberate effort to cause consumers to believe that Bedford's products are sold by, sponsored by, or otherwise affiliated with Graco.

52. As more fully detailed below, Bedford has engaged in widespread infringement of Graco's intellectual property rights, from trademark, to patent, to copyright. Bedford's product packaging and marketing materials knowingly and deliberately infringe numerous of Graco's federally registered trademarks, including but not limited to its Blue Tip Mark and FF LP Mark. Bedford also deliberately designed its website to attract customers, in a manner that goes well beyond descriptive use and creates a false suggestion of sponsorship, affiliation, or authorization.

53. Compounding the confusion, Bedford displays on its website a copyrighted picture of a worksite scene featuring a Graco airless sprayer. This image was copied directly from Graco's website, further reinforcing a false message to consumers that Bedford and Graco are affiliated, if not one in the same.

54. Bedford's widespread infringement of Graco's intellectual property rights has had the desired effect by causing consumers to believe that Bedford's products are sold by, sponsored by, or otherwise affiliated with Graco. For example, as shown below, there is actual confusion in the marketplace with one consumer, for example, commenting on a Bedford sponsored Facebook advertisement: "Doesn't graco make Bedford..just a cheaper version graco?"




55. As a further example, just recently, on November 13, 2026, Graco got a message on its Facebook business account asking, "Hi Team can i use a Bedford FFLP tip on my blue rac X guard?" This question demonstrates actual confusion involving Graco's FF LP mark and wrongly associates the FF LP mark with Bedford.

**A. Defendant's Trademark Infringement**

*i. Infringement of Blue Tip and FF LP Marks*

56. Bedford has willfully and blatantly disregarded Graco's trademark rights in the Graco Trademarks in a calculated and deliberate attempt to mislead consumers into believing that there is an affiliation, connection, or association between Bedford's replacement parts and genuine Graco products.

57. Bedford uses a confusingly similar, if not identical, Blue Tip Mark in connection with competing paint spray tips, as shown below:




https://bedfordprecision.com/collections/large-barrel-tip/products/graco-ltx417




*https://bedfordprecision.com/collections/large-barrel-tip/products/graco-ltx517-3-pack*

58. Bedford also uses Graco's federally registered FF LP trademark to market competing spray tips. Such use appears in both Bedford's product listings and, for at least some products, on the packaging itself, as shown below.




*https://bedfordprecision.com/collections/fine-finish-low-pressure-tip/products/graco-fflp310*




*Packaging for Product Purchased on Amazon*

59. Bedford's infringing paint spray tips are sold through the same channels as Graco products, including online through the parties' respective websites and third-party retailers, such as Amazon, and through brick-and-mortar stores such as Home Depot and Sherwin-Williams.

60. Bedford's infringing products are marketed to the same types of consumers as Graco's products.

61. Bedford's use of trademarks that are confusingly similar, if not identical, to Graco's Blue Tip and FF LP Marks in connection with identical products marketed through the same channels of trade and to the same consumers is likely to cause confusion, mistake or deception as to the source, origin, sponsorship, or approval of Bedford's products.

62. Such confusion, mistake and/or deception damages and injures Graco.

63. Upon information and belief, Bedford adopted the infringing marks with the intent to confuse consumers into believing that Bedford and its products are affiliated with, connected to, sponsored by, or otherwise associated with Graco.

64. Upon information and belief, the acts of Bedford have been willful, by virtue of at least Bedford's actual knowledge of Graco's trademark rights.

65. The acts of Bedford complained of herein are in disregard of Graco's rights and, upon information and belief, were commenced in spite of Bedford's knowledge that its use of the Blue Tip and FF LP Marks is in contravention of Graco's rights.

66. Bedford is willfully and intentionally trading upon the substantial goodwill that Graco has developed, at its considerable effort and expense, in the Blue Tip and FF LP Marks.

*ii. Bedford's Infringement of GRACO, KING, ULTRA, GMAX, XTREME and LINELAZER*

67. In addition to its unauthorized use of Graco's Blue Tip Mark and FF LP Mark on Bedford's product and product packaging, Bedford's website uses numerous of Graco's federally

registered trademarks without authorization and in a manner that is likely to lead consumers to believe that Bedford's products are associated or affiliated with Graco.

68. For example, almost every single listing on Bedford's website advertising products that are compatible with or replacements for genuine GRACO-branded products uses Graco's federally registered GRACO trademark in the product listing.

69. For example, as shown below, the product listing for Bedford's standard large barrel tip identifies the product as "Graco LTX417 Replacement Spray Tip." While the GRACO mark appears prominently in the product listing, the commercial name of the product – Bedford 33-10417 – appears much lower down the page, past the "Add to cart" button, and in smaller font under the "Description" text.



70. The GRACO Mark is the first word identifying the product listing and is not preceded by any language clearly signaling that the product at issue is not a GRACO-branded or GRACO-affiliated product but rather is an unauthorized replacement or compatible product manufactured by a third party. Instead, Bedford places the GRACO mark first and most prominently as the product's title, uses it in the page URL, and puts its own brand in the fine print of the product description below the "Add to cart" button, while using far more of Graco's mark than necessary to describe compatibility.

71. Bedford engages in these same tactics when advertising replacement parts for other Graco products. As shown below, Bedford's infringement extends to Graco's federally registered GMAX, ULTRA, KING, XTREME, and LINELAZER trademarks.





Sleeve - GM5000, Ultra 1500, GM 10000

This sleeve is a direct-fit replacement for Graco part 183361, used in EM 5000, EuroLiner Trassar 8, GM 10,000. It installs in the original position with no modification. Common reasons thi...

57-1599

$478.98

- 1 + Add to cart



Rod - Ultra 400/500, EM380/390/490

This rod is a direct-fit replacement for Graco part 183563, used in EM 380, EM 390, EM 490. It installs in the original position with no modification. Common reasons this rod is replaced:...

57-1748

$369.70

- 1 + Add to cart



Sleeve - Ultra 400/500, EM380/390/490

This sleeve is a direct-fit replacement for Graco part 183571, used in EM 380, EM 390, EM 490. It installs in the original position with no modification. Common reasons this sleeve is...

57-1749

$80.60

- 1 + Add to cart



Kit- 45:1 King

The Bedford 20-3982 is a direct-fit replacement pump repair kit for the 45:1 King airless sprayer, engineered to restore full operational capacity when internal wear or component failure...

20-3982

$423.22

- 1 + Add to cart



Kit, Xtreme 145 TFE

Bedford Precision's Xtreme 145 TFE is engineered and manufactured to rigid specifications of quality, appearance & performance characteristics. With Bedford parts you can be...

20-3403

$394.96

- 1 + Add to cart



Kit, Xtreme 145 TFE/PE

Bedford Precision's Xtreme 145 TFE/PE is engineered and manufactured to rigid specifications of quality, appearance & performance characteristics. With Bedford parts you can be...

20-3406

$394.96

- 1 + Add to cart



Kit - GH130, LineLazer 130HS

Bedford Precision's Kit - GH130, LineLazer 130HS for Graco is engineered and manufactured to rigid specifications of quality, appearance & performance characteristics. With Bedford part...

20-3034

$144.68

- 1 + Add to cart



3/8" x 3' (fbe) Hose Assembly-LineLazer

Bedford Precision's 3/8" x 3' (fbe) Hose Assembly - LineLazer for Graco is engineered and manufactured to rigid specifications of quality, appearance & performance characteristics. With...

13-3226

$125.80

- 1 + Add to cart

True and correct copies of the webpages from which the foregoing were excerpted are attached hereto as **Exhibit E.**

72. As shown in the above images, the infringing product listings prominently use Graco's federally registered trademarks in both the product name and in the brief description text. Indeed, in some listings, Bedford even claims Graco's trademark as its own, advertising the listed product as "***Bedford Precision's*** XTREME."

73. Additionally, as shown in the above examples, consumers can "add to cart" and purchase the infringing products without ever navigating to the main product page. Bedford's website is thus deliberately designed to capitalize on the goodwill of Graco's trademarks and confuse consumers into purchasing products from Bedford under the mistaken belief that such products are sponsored by or affiliated with Graco.

74. Bedford's use of the Graco Trademarks on its website as described above falsely suggests that Bedford products are sponsored by, affiliated with, or officially approved by Graco when such is not the case.

75. At a minimum, Bedford's infringement of the Graco Trademarks as described above is likely to cause initial interest confusion among potential customers and wrongfully divert such persons away from Graco.

**B. Defendant's Patent Infringement**

76. Upon information and belief, Bedford designs, manufactures, imports, offers to sell, and/or sells piston rods, including at least, for example, the Piston Rod and Valve, Bedford Part No. 57-3530 (the "Accused Product"), and thereby directly infringes the Asserted Patents in violation of 35 U.S.C. § 271.

77. The Accused Product includes a piston rod.

78. Upon information and belief, the Accused Product is marketed and sold by Bedford in the United States, including within this judicial district, through its website, authorized retailers, distributors, dealers, and/or Internet sales platforms.

79. Representative images of an Accused Product are shown below:














80. Representative images of the Accused Product for sale on Internet storefronts owned by and/or associated with Bedford are shown below:




*Bedford Website; Online Store Page for Accused Product*
(https://bedfordprecision.com/products/graco-24w617)




*Bedford's Amazon Storefront Page for Accused Product*
(https://www.amazon.com/Bedford-Precision-57-3530-Piston-Valve/dp/B0C3SKWXP2/ref=sr_1_1?crid=11DQM01ZIEAY4&dib=eyJ2IjoiMSJ9.8K2F1Gj0CnpCTGu3BeH5CctHFjV3sMopL-4ABI6xSpvGjHj071QN20LucGBJIEps.-UvkH4n3bQM1_TvRKNT242kVOJf349olopdt7qHneZw&dib_tag=se&keywords=bedford+57-3530&qid=1792438822&sprefix=%2Caps%2C301&sr=8-1)

81. As detailed below, the Accused Product is designed to and does operate in a manner that falls within the scope of one or more claims of the ’206 Patent and is designed in a manner that falls within the scope of the ’927 Design Patent.

82. The term “Accused Product” as used in this Complaint includes any and all piston rods made, used, offered for sale, sold, and/or imported by Bedford that embody the same or substantially similar structure, operation, and/or design as the representative Accused Product identified above.

83. The Accused Product is a non-limiting example identified based on publicly available information. Graco reserves the right to identify additional infringing products through discovery and further investigations, and specifically alleges that all products that perform

substantially the same function in substantially the same way to achieve substantially the same result as the patented inventions of the ’206 Patent are Accused Products under the doctrine of equivalents.

84. The Accused Product additionally is a non-limiting example identified based on publicly available information and Graco reserves the right to identify additional infringing products through discovery and further investigations for purposes of infringement of the patented ornamental design of the ’927 Design Patent; to the extent Graco identifies additional Bedford products that embody substantially the same overall visual appearance as the ornamental design claimed in the ’927 Design Patent, Graco reserves the right to identify those products as additional infringing Accused Products.

**C. Defendant’s Copyright Infringement**

85. Bedford’s copying is not limited to Graco’s products and trademarks. Bedford also copies Graco marketing materials and website images, further causing Bedford’s website falsely and misleadingly to take on the look and feel of a Graco-authorized website. For example, Bedford took without authorization or permission from Graco’s website the copyrighted image shown below and incorporated it into Bedford’s own website. This copying of Graco’s marketing imagery, together with Bedford’s pervasive use of Graco’s trademarks and product identifiers throughout its website, reinforces the false impression that Bedford is affiliated with, sponsored by, or authorized by Graco.

86. A side-by-side of an image of a professional using Graco’s paint sprayer (the “Subject Image”) as it appears on both Graco and Bedford’s websites is shown below.

| **Graco's Website** | **Bedford's Website** |
|---|---|
|  |  |

True and correct copies of the webpages from which the foregoing images were captured are attached hereto as **Exhibit F**.

87. Graco owns a valid and subsisting copyright covering the Subject Image, which is registered with the Copyright Office, VAu 1-605-655, attached hereto as **Exhibit G**.

**COUNT I**
**Federal Trademark Infringement Under Section 32(1) of the Lanham Act**

88. Graco incorporates by reference the allegations contained in the foregoing paragraphs as if fully restated herein.

89. Bedford's activities constitute infringement of Graco's federally registered marks in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Bedford's unauthorized use of the Graco Trademarks is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association between Bedford and/or its products and Graco and/or their products and services. In the alternative, Bedford's unauthorized use of the Graco Trademarks is likely to cause initial interest confusion among potential customers and wrongfully divert such persons away from Graco.

90. Due to Graco's longstanding and continuous use of its federally registered marks in commerce, consumers and the public understand these marks to identify Graco as the exclusive source of the goods and services identified by those marks.

91. Bedford used and is using Graco's federally registered marks to cause consumers to believe that Bedford is affiliated with or connected with Graco and/or that its products emanate from or are otherwise sponsored by Graco.

92. Bedford acted in knowing disregard of Graco's federally registered Graco Trademarks. At a minimum, Bedford acted in willful blindness and in reckless disregard of such marks.

93. As a result of Bedford's willful and wrongful conduct, Graco has suffered and continues to suffer substantial loss. Graco is therefore entitled to recover damages, including any and all profits obtained by Bedford as a result of its infringement of Graco's rights.

94. Bedford's willful acts alleged herein have irreparably injured Graco's business, reputation, and goodwill, and will continue to do so unless and until they are permanently enjoined. Graco has no adequate remedy at law. Therefore, Graco is entitled to injunctive relief.

95. As a result of Bedford's intentional misconduct, this action should be deemed an exceptional case such that Graco is entitled to recover up to three times its actual damages and attorneys' fees.

## COUNT II
## Unfair Competition and False Designation of Origin Under Section 43(a) of the Lanham Act

96. Graco incorporates by reference the allegations contained in the foregoing paragraphs as if fully restated herein.

97. Bedford's unauthorized use of the Graco Trademarks constitutes unfair competition and false designation of origin because said use is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Bedford with Graco, or as to the origin, sponsorship, or approval of Bedford's commercial activities, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

98. Bedford's unauthorized use of the Graco Trademarks is willful.

99. As a result of Bedford's willful and wrongful conduct, Graco has suffered and continues to suffer substantial loss. Graco is therefore entitled to recover damages, including any and all profits obtained by Bedford as a result of its infringement of Graco's rights.

100. Bedford's willful acts alleged herein have irreparably injured Graco's business, reputation, and goodwill, and will continue to do so unless and until they are permanently enjoined. Graco has no adequate remedy at law. Therefore, Graco is entitled to injunctive relief.

101. As a result of Bedford's intentional misconduct, this action should be deemed an exceptional case such that Graco is entitled to recover up to three times its actual damages and attorneys' fees.

**COUNT III**
**Common Law Trademark Infringement**

102. Graco incorporates by reference the allegations contained in the foregoing paragraphs as if fully restated herein.

103. This cause of action arises under the common law of the various states, including the State of Delaware.

104. Bedford's conduct in adopting and using a mark and trade name confusingly similar to (and in fact, identical to) the Graco Trademarks has infringed and is infringing upon Graco's trademark rights.

105. Bedford's conduct constitutes common law trademark and trade name infringement.

106. As a result of said infringement, Graco has suffered and will continue to suffer substantial injury, including irreparable injury, for which it has no adequate remedy at law.

**COUNT IV**
**Unfair Competition**

107. Graco incorporates by reference the allegations contained in the foregoing paragraphs as if fully restated herein.

108. This cause of action arises under the common law of the various states, including the State of Delaware.

109. Bedford's conduct constitutes unfair competition.

110. By means and as a result of said unfair competition, Graco has suffered and continues to suffer serious and substantial injury, including irreparable injury for which it has no adequate remedy at law.

**COUNT V**
**Infringement of U.S. Patent No. 10,502,206**

111. Graco incorporates by reference the allegations contained in the foregoing paragraphs as if fully restated herein.

112. In violation of 35 U.S.C. § 271(a), Bedford has directly infringed and continues to directly infringe, literally and/or through the doctrine of equivalents, the '206 Patent by making, using, offering for sale, selling, and/or importing the Accused Product into the United States, including within this district, which Accused Products infringe at least claim 1 of the '206 Patent and without the authority of Graco, at least as shown and described in **Exhibit H**, attached hereto, which is expressly incorporated herein in its entirety.

113. To the extent Bedford manufactures, uses, offers to sell, sells, and/or imports other piston rods that are the same as, or not materially different from, the Accused Product in ways relevant to the infringement analysis, such products likewise infringe the ’206 Patent for the reasons shown in **Exhibit H**.

114. Graco has suffered and continues to suffer damages as a result of Bedford’s direct infringement in an amount to be proven at trial.

115. Graco is entitled to recover damages adequate to compensate for Bedford’s infringement, including but not limited to under 35 U.S.C. § 284, lost profits, a reasonable royalty, pre- and post-judgment interest, costs, as well as attorneys’ fees, and such other relief as the Court deems just and proper.

**COUNT VI**
**Infringement of U.S. Patent No. D742,927**

116. Graco incorporates by reference the allegations contained in the foregoing paragraphs as if fully restated herein.

117. In violation of 35 U.S.C. § 271(a), Bedford has directly infringed and continues to directly infringe the ’927 Design Patent by making, using, offering for sale, selling, and/or importing the Accused Product into the United States, including within this district, because the Accused Product embodies substantially the same overall visual appearance as the ornamental design claimed in the ’927 Design Patent, at least as shown and described in **Exhibit I**, attached hereto, which is expressly incorporated herein in its entirety.

118. **Exhibit I** is a chart showing each of the figures of the ’927 Design Patent and the substantially similar visual appearance of the ornamental design of the Accused Product.

119. An ordinary observer, giving such attention as a purchaser usually gives, would find the overall design of the ’927 Design Patent and the Accused Product substantially similar

such that the ordinary observer would be deceived into believing that the Accused Product is the same as the patented design, thereby purchasing the Accused Product thinking it was the patented design.

120. Graco is entitled to recover damages adequate to compensate for Bedford's infringement, including but not limited to under 35 U.S.C. §§ 284 and/or 289, lost profits, a reasonable royalty, pre- and post-judgment interest, costs, as well as attorneys' fees, and such other relief as the Court deems just and proper.

**COUNT VII**
**Copyright Infringement**

121. Graco incorporates by reference the allegations contained in the foregoing paragraphs as if fully restated herein.

122. Graco is the owner of a valid, subsisting copyright in the Subject Image, which is original and constitutes copyrightable subject matter.

123. Bedford, without Graco's authorization, license, or consent, copied the Subject Image and thereby infringed Graco's exclusive rights under 17 U.S.C. § 106.

124. Upon information and belief, Bedford had access to the Subject Image because the Subject Image was publicly available on Graco's website. In any event, copying may be inferred because the Subject Image and the image used on Bedford's website are unquestionably identical.

125. Due to Bedford's acts of infringement, Graco has been irreparably damaged and is entitled to injunctive relief.

126. Due to Bedford's acts of infringement, Graco has suffered damages in an amount to be established at trial.

127. Due to Bedford's acts of infringement, Bedford has obtained profits it would not have realized but for the infringement. As such, Graco is entitled to disgorgement of Bedford's profits attributable to the infringement in an amount to be established at trial.

128. Upon information and belief, Bedford's acts as alleged herein were willful.

## PRAYER FOR RELIEF

**WHEREFORE,** Graco respectfully requests that the Court enter judgment in its favor and against Bedford, and provide Graco with the following relief:

1. That Bedford, its partners, agents, sales representatives, servants, employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with any or all of them, be permanently enjoined from doing, abiding, causing or abetting any of the following:

a. directly or indirectly infringing the Graco Trademarks.

b. passing off, inducing or enabling others to sell or pass off any product or service as or for product or services rendered by Graco, which is not Graco's or are not rendered by or under the control or supervision of Graco and approved by Graco;

c. directly or indirectly engaging in any acts or activities calculated to trade upon the Graco Trademarks or the reputation or goodwill of Graco, or in any manner to compete with Graco unfairly;

d. using in the sale, offering for sale, promotion, advertising, marketing and/or distribution of its merchandise or services the Graco Trademarks, or any mark or trade name that includes the Graco Trademarks or which simulates or imitates or is confusingly similar to the Graco Trademarks so as to

deceive, or to falsely describe or represent the source of the services or otherwise create confusion upon the purchasing public or the trade;

e. further violating Graco's property rights and goodwill;

f. directly or indirectly infringing Graco's copyrights; and

g. otherwise competing unfairly with Graco in any manner whatsoever.

2. That Bedford be required to deliver up to Graco for destruction at Bedford's expense, all packaging, labels, signs, promotional materials, advertisements, and other communications to the public in the possession or under its control bearing thereon any material or representations that are or may be false or misleading concerning the source or origin of the products and services offered by Bedford, to the extent that such packaging, labels, signs, promotional materials, advertisements and other communications to the public are used in connection with sales or offers for sale of goods bearing the Graco Trademarks in the United States.

3. That Bedford be adjudged to have directly infringed one or more claims of the '206 Patent in violation of 35 U.S.C. § 271;

4. That Bedford be adjudged to have directly infringed the '927 Design Patent in violation of 35 U.S.C. § 271;

5. That Bedford be required to account for and pay over to Graco damages to Graco for the trademark infringement that has occurred, including but not limited to Graco's actual damages and disgorgement of Bedford's profits pursuant to 15 U.S.C. § 1117, and that such monetary award be enhanced up to three times Graco's actual damages as a result of Bedford's willful infringement.

6. That Bedford be required to account for and pay over to Graco damages to Graco for the copyright infringement that has occurred, including but not limited to Graco's actual damages pursuant to 17 U.S.C. § 504.

7. That Bedford be required to account for and pay over to Graco damages to Graco for the patent infringement that has occurred, and in no event less than a reasonable royalty, as permitted by 35 U.S.C. §§ 284 and/or 289.

8. That this case be deemed exceptional and Bedford be required to pay Graco's attorneys' fees and other recoverable expenses pursuant to 15 U.S.C. § 1117 and/or 35 U.S.C. § 285 and the cost of this action.

9. That Graco be awarded pre-judgment and post-judgment interest until the award is fully paid.

10. Any such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial as to all issues so triable.

Dated: November 16, 2026

*/s/ Thatcher A. Rahmeier*
Thatcher A. Rahmeier
FAEGRE DRINKER BIDDLE & REATH LLP
222 Delaware Ave., Ste. 1410
Wilmington, DE 19801
+1 302 467 4211
thatcher.rahmeier@faegredrinker.com

Timothy E. Grimsrud (pro hac vice to be filed)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 S 7th St Suite 2200
Minneapolis, MN 55402
+1 612 766 7000
tim.grimsrud@faegredrinker.com

Christopher J. Burrell (pro hac vice to be filed)

chris.burrell@faegredrinker.com
Katlyn M. Moseley (pro hac vice to be filed)
katlyn.moseley@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, NW, Ste. 1100
Washington, D.C. 20005-1209
+1 202 842 8800

Stephen E. Osseiran (pro hac vice to be filed)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL 60606
+1 312 569 1000
stephen.osseiran@faegredrinker.com

*Counsel for Plaintiffs*